640 A.2d 892

COMMONWEALTH of Pennsylvania, Appellee,

v.

Thomas S. SHELTON, Appellant.

Supreme Court of Pennsylvania.

Argued Dec. 6, 1993.

Decided April 21, 1994.

John W. Packel, Paul M. George, Ellen T. Greenlee, Philadelphia, for appellant.

Catherine Marshall, Ronald Eisenberg, George S. Leone, Philadelphia, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

### OPINION

ZAPPALA, Justice.

We granted allocatur to determine whether the Commonwealth violated Pa.R.Crim.P. 305 by informing defense counsel of Officer Cunningham's identification testimony in its opening statement to the jury. Because the Commonwealth deliberately withheld such information throughout the hearing on Appellant's pre-trial suppression motions and then used the information to ambush Appellant during the Commonwealth's opening statement, we find a violation of Pa.R.Crim.P. 305 has occurred and now reverse.

On August 29, 1989, Officer Cunningham bought drugs from an unidentified "black man in his late twenties" at a suspected "drug house" located at 207 E. Penn Street, Philadelphia, Pennsylvania. On the basis of this controlled buy as well as

subsequent surveillance and a second controlled buy, the police secured a search warrant for the premises. On September 22, 1989, the police executed the search warrant and entered the house located at 207 E. Penn Street. Officer Cunningham did not take part in this search. Upon entering the house, the police found four people, three of whom, including Appellant, were seated in chairs in the first-floor living room. The police found a bag containing thirty-two small vials of cocaine weighing slightly over three grams under the cushion of the chair on which Appellant had been seated. From other places in the living room, the police recovered three loaded weapons, two scales and empty plastic vials.

After the police discovered the bag under the cushion, Appellant was arrested and charged with possession and possession with the intent to deliver a controlled substance, possession of prohibited offensive weapons and possession of drug paraphernalia. No charges were brought against Appellant regarding the August 29, 1989 sale of drugs to Officer Cunningham.

Following a jury trial on March 7, 1991, before the Honorable Angelo A. Guarino of the Court of Common Pleas of Philadelphia County, Appellant was convicted of possession with intent to deliver a controlled substance, possession of a prohibited offensive weapon and possession of drug paraphernalia. Post-trial motions were argued and denied. Appellant was sentenced to two and one half to seven years imprisonment and to pay a fine of five thousand dollars plus costs.

On appeal, the Superior Court (Cirillo, Cercone, JJ. and McEwen, J. dissenting) affirmed the judgment of sentence. 422 Pa.Super. 635, 613 A.2d 1264. The majority of the Superior Court panel found no violation of Pa.R.Crim.P. 305 had occurred. The court found that the Commonwealth and Appellant had known of Officer Cunningham's existence and substance of the evidence he could have presented from the date the charges were filed. Furthermore, the majority noted that Appellant knew or should have known from the contents of the affidavit underlying the warrant of Officer Cunning-

ham's ability to identify Appellant. The Superior Court majority reasoned, therefore, that the Commonwealth did not violate its duty to disclose to Appellant the circumstances and results of any identification of Appellant. See Pa.R.Crim.P. 305(B)(1)(d). The court concluded by indicating that the Commonwealth did not know of Officer Cunningham's availability to testify until immediately before trial and then promptly divulged the information to Appellant.

Appellant argues that the Commonwealth violated Pa. R.Crim.P. 305 by not immediately informing defense counsel of Officer Cunningham's intended testimony that Appellant was the heretofore previously unidentified "black man in his late twenties," as set forth in the affidavit underlying the search warrant, who sold him drugs on August 29, 1989. Appellant contends that the Commonwealth's last-minute announcement of such information unfairly shifted the inquiry at trial from whether Appellant constructively possessed cocaine on September 22, 1989, to whether Appellant sold drugs to Officer Cunningham on August 29, 1989. As a result, Appellant claims that he was perceived as being inextricably intertwined with drug activity when there had been no allegation that anyone ever saw Appellant selling drugs in either the police reports provided to Appellant before trial or in the pretrial hearing testimony of the police witnesses.

The Commonwealth argues that the prosecutor complied with Pa.R.Crim.P. 305 because he only discovered the existence of the testimony the same day as the trial. In fact, the Commonwealth claims that this new information was disclosed only thirty minutes after it was received. The Commonwealth also contends that Appellant received the information before any stage in the trial where Appellant's counsel had to act, thereby avoiding any prejudice to Appellant.

Pa.R.Crim.P. 305(B), entitled "Disclosure by the Commonwealth," provides in pertinent part:

(1) Mandatory. In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth

shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

*　　*　　*　　*　　*　　*

(d) the circumstances and results of any identification of the defendant by voice, photograph, or in-person identification;

Additionally, the pre-trial rules of discovery place upon both parties a continuing duty to disclose newly discovered evidence. Pa.R.Crim.P. 305(D) establishes:

**D. Continuing Duty to Disclose.** If, prior to or during trial, either party discovers additional evidence or material previously requested or ordered to be disclosed by it, which is subject to discovery or inspection under this rule, or the identity of an additional witness or witnesses, *such party shall promptly notify* the opposing party or the court of the additional evidence, material or witness. (Emphasis added.)

On the day of trial, after the jury had been selected, the trial court took a lunch break prior to hearing pre-trial motions. During this lunch break, the prosecutor and Officer Cunningham conferred. It was during this lunch time discussion with the prosecutor that Officer Cunningham for the first time claimed that Appellant was the person who had sold him drugs in the August 29, 1989 "controlled buy."

When court resumed, the prosecutor did not inform either defense counsel or the court that Officer Cunningham was prepared to testify that Appellant had committed a prior uncharged crime and that Officer Cunningham would identify Appellant as a drug seller. The trial court proceeded, as planned, to conduct a hearing on Appellant's pre-trial motions. At no time during this hearing did the prosecutor inform defense counsel of the allegations despite the fact that much of defense counsel's strategy during this hearing was designed to show that no one had associated Appellant with any previous drug sales at the house. In fact, as the following exchange illustrates, the prosecutor blocked defense counsel's attempt

to ascertain such information from Officer Mangapit, who was not only outside the drug house on August 29 for the "controlled buy," but was also the affiant on the search warrant:

BY Mr. Bank [DEFENSE COUNSEL]: Officer, at any time did any of the informants *or other person* mention my client's name as an individual—

BY Mr. Costanzo [THE PROSECUTOR]: Objection.

THE COURT: Sustained.

BY Mr. Bank [DEFENSE COUNSEL]: I have nothing further, your Honor. May [sic] have an offer of proof of whether this officer can testify at all?

THE COURT: No. The only issue I'm resolving now is the issue you presented in the form that you presented it.

BY Mr. Bank [DEFENSE COUNSEL]: I have no further questions of this officer.

BY Mr. Costanzo [THE PROSECUTOR]: I have no cross.

(N.T. 3/7/91, 159–160) (emphasis added).

It was not until his opening statement that the prosecutor mentioned that Officer Cunningham would testify that Appellant had sold drugs to Officer Cunningham on August 29, 1989. Defense counsel sought a mistrial or, in the alternative, a continuance. The trial court denied these motions. Defense counsel then asked for a recess until the next day to allow him time to investigate a possible alibi for the new date. This request was also denied. The trial continued, and Officer Cunningham testified that Appellant was the man who had sold him drugs on August 29, 1989. Defense counsel renewed his motions for a mistrial, a continuance or a recess until the next day. These requests were denied. Defense counsel renewed his mistrial motion on two more occasions, specifically citing Pa.R.Crim.P. 305 as to discovery of identification testimony.

■ It is well established in this Commonwealth that the purpose of the discovery rules is to permit the parties in a criminal matter to be prepared for trial. Trial by ambush is contrary to the spirit and letter of those rules and cannot be

condoned. *Commonwealth v. Moose,* 529 Pa. 218, 236, 602 A.2d 1265, 1274 (1992). In *Moose,* the Commonwealth failed to inform defense counsel or the trial court, despite two court appearances, of inculpatory statements, made by defendant who was awaiting trial, which were obtained by a jailhouse informant with whom the district attorney had an understanding. We found that what the Commonwealth attempted to do by introducing such statements into evidence was to try the case with last minute disclosures. Such a plan, we stated, was fundamentally unfair and violated the discovery rules. *Id.*

In the case *sub judice,* it is undisputed that the prosecutor learned during the lunch break on the day of trial that Officer Cunningham was prepared to testify that Appellant was the person who had sold him drugs in the August 29, 1989 "controlled buy." Nevertheless, when court resumed to conduct a hearing on Appellant's pre-trial motions after the lunch break, the prosecutor failed to inform either defense counsel or the trial court that Officer Cunningham was prepared to testify as to appellant's identification. In fact, the prosecutor blocked defense counsel's attempt to ascertain such information during the hearing when the prosecutor objected to a question defense counsel posed to Officer Mangapit. It was not until the prosecutor's opening statement that this new information was disclosed to defense counsel and the court. The Commonwealth's failure to promptly inform defense counsel and the court of this new information and the manner in which the disclosure was made was a deliberate and willful violation of Pa.R.Crim.P. 305. See *Commonwealth v. Montgomery,* 533 Pa. 491, 626 A.2d 109 (1993) and *Commonwealth v. Rodgers,* 500 Pa. 405, 456 A.2d 1352 (1983).

Pa.R.Crim.P. 305(E) provides a remedy for a violation of the discovery rule which states:

**E. Remedy.** If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may

order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

In this case, the trial judge did not apply Pa.R.Crim.P. 305(E), notwithstanding defense counsel's repeated requests for such a remedy. The trial court erroneously concluded that the Commonwealth had not violated Pa.R.Crim.P. 305. In addition to finding that the Commonwealth had promptly revealed the new information concerning Officer Cunningham's proposed identification testimony, the trial court determined, as did the Superior Court, that the Commonwealth and Appellant had known of Officer Cunningham's existence and the substance of the evidence he could have presented.

■ The record does not support the trial court's and the Superior Court's conclusions. The affidavit of probable cause underlying the search warrant revealed only that an unidentified "black male in his late twenties" sold Officer Cunningham drugs on August 29, 1989. Furthermore, none of the police paperwork generated either before or after Appellant's arrest alleged that the police or anyone had ever seen Appellant selling drugs at any time. The trial court's and the Superior Court's conclusions are also undercut by the Commonwealth's contention that it did not know of Officer Cunningham's testimony until the day of trial.

We find, therefore, that the trial court erred in refusing to grant Appellant a remedy as set forth in Pa.R.Crim.P. 305(E).

The Order of the Superior Court is reversed and the judgment of sentence of the Court of Common Pleas of Philadelphia County is vacated. This case is remanded to the Court of Common Pleas of Philadelphia County for a new trial.

Mr. Justice LARSEN did not participate in the consideration or decision of this case.

Mr. Justice MONTEMURO, who was an appointed Justice of the Court at the time of argument, participated in the decision of this case in his capacity as a Senior Justice.