J-A26018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.K. | : | No. 1661 WDA 2015 |

Appeal from the Order October 14, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0000233-2015

BEFORE:  BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                **FILED DECEMBER 13, 2016**

The Commonwealth of Pennsylvania appeals from the October 14, 2015 order that granted Appellee's motion *in Limine* to preclude the Commonwealth from introducing certain expert testimony at trial.[1]  We affirm.

The relevant facts underlying this appeal are as follows.  On December 29, 2014, the Commonwealth charged Appellant with fifty-nine (59) crimes arising out of illegal sex acts that Appellant allegedly perpetrated upon his minor son ("Complainant") over a period of ten years.  *See* Trial Ct. 1925(a)

_____

[1]We assert jurisdiction over this case based upon the Commonwealth's certification that the order terminates or substantially handicaps its prosecution of this case.  *See Commonwealth v. Ivy*, 146 A.3d 241, 244 n.2 (Pa. Super. 2016); Pa.R.A.P. 311(d).

Op., 11/19/2015, at 1-2.[2]   The Commonwealth intends to seek the maximum sentence for these crimes.  *Id.* at 2.

On June 5, 2015, the Commonwealth produced a pre-trial discovery packet to Appellee, which contained a three-page report of Complainant's medical examination by Dr. Kupchella on December 10, 2014.  *See id.* at 3. This report included a summary of the allegations of sexual abuse and noted that Complainant's "[a]nal exam reveals a 2 x 1 cm area of thickened scar tissue at 12 o'clock position while examined in the supine position."  *See* Appellee's Supplemental Pre-Trial Mot. *in Limine*, 10/7/2015, (quoting Exhibit A, 12/10/2014 ("Pre-Trial Expert Report")).

A July 2015 scheduling order set trial to begin Monday, October 19, 2015.  *See id.* at 6.  At a pre-trial hearing on September 3, 2015, the trial court deferred ruling on pre-trial motions *in Limine* pending the Commonwealth's filing of a Bill of Particulars and Pa.R.Evid. 404(b)(3) notice.  *Id.* at 2.  Jury selection took place on October 1, 2015.  *See* Trial Ct. Order, 10/2/2015.

Following appointment of new counsel, Appellee filed a supplemental motion *in limine* requesting "that Dr. Kupchella be precluded from testifying

---

[2] Appellant is charged with 18 counts of involuntary deviate sexual intercourse with a child, 8 counts of involuntary deviate sexual intercourse, 16 counts of indecent assault, and 7 counts of endangering welfare of children.  *See* 18 Pa.C.S. §§ 3123(b), 3123(a)(7), 3126(a)(7), 3126(a)(8), 4304(a).

- 2 -

to any conclusions or opinions that are not contained in her report." Appellee's Supp. Mot. *in Limine*, 10/7/2015, at 3 (citing Pa.R.Crim.P. 573(B)(e)). A hearing on Appellee's motion was scheduled for October 13, 2015.

On October 12, 2015, the Commonwealth provided Appellee with an addendum to the Pre-Trial Expert Report stating Dr. Kupchella's conclusion that Complainant's physical trauma is consistent with his allegations of sexual abuse. **See** Notes of Testimony ("N.T."), 10/13/2015, at 2-3.

At the hearing, Appellee objected to the new addendum on the basis that it was untimely and argued that it should be excluded in connection with the motion he filed. **See** N.T., 10/13/2015, at 3.

On October 14, 2015, the court issued an order granting Appellee's motion *in limine* that effectively precludes the Commonwealth from presenting the addendum that the Commonwealth "provided only a few days before the commencement of trial." Trial Ct. 1925(a) Op., 11/19/2015, at 4 (citing N.T., 10/13/2015, at 3). Moreover, the order prohibits the Commonwealth "during its case in chief at trial from having Dr. Kupchella testify beyond the scope of the opinions and conclusions contained in her medical report of December 10, 2014" or "any different opinions expressed in any supplemental medical reports or during the course of Children and Youth Proceedings." Trial Ct. Order, 10/14/2015, at 1-2.

The Commonwealth filed a notice of appeal on October 16, 2015, certifying that the evidentiary order "substantially handicaps the prosecution." Commonwealth's Brief at 1. The Commonwealth timely filed a court-ordered 1925(b) statement, and the court issued a responsive opinion.

On appeal, the Commonwealth presents two issues:

1. Whether the trial court erred by excluding evidence based upon an ostensible discovery violation when the appropriate remedy for an alleged late discovery claim was a continuance.

2. Whether the trial court erred by excluding evidence because of surprise when such evidence was viewed by the Defendant months prior via CYS records.

Commonwealth's Br. at 5.

The Commonwealth challenges an evidentiary decision of the trial court. Our standard of review is well settled.

> When ruling on a trial court's decision to grant or deny a motion *in Limine*, we apply an evidentiary abuse of discretion standard of review. A trial court has broad discretion to determine whether evidence is admissible, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous. If the evidentiary question is purely one of law, our review is plenary.

*Commonwealth v. Belani*, 101 A.3d 1156, 1160 (Pa. Super. 2014), *reargument denied* (Nov. 24, 2014) (internal quotation marks and citations omitted).

First, the Commonwealth contends that precluding expert testimony based on an "ostensibly late disclosure" was drastic and an abuse of

discretion. Commonwealth's Br. at 12. The Commonwealth maintains that it complied with its "ongoing discovery obligations" under Pennsylvania Rule of Criminal Procedure 573, which contains no time limit for disclosing reports to the defense. *See* Commonwealth's Br. at 13; N.T., 10/13/2015, at 3-4. According to the Commonwealth, the trial court's ruling "effectively turns Dr. Kupchella from an expert witness to an eye witness." *Id.* at 21.

Second, the Commonwealth contends that the "trial court erred by excluding evidence because of surprise when such evidence was viewed by [Appellee] months prior via [Children and Youth Services (CYS)] records." *See* Commonwealth Br. at 24. The Commonwealth maintains that Appellee "knew of the expert witness's conclusions months ahead of trial" based on Dr. Kupchella's testimony in civil proceedings and from reviewing the CYS file. *Id.; see* N.T., 10/13/2015, at 4.

Lodged within this argument, the Commonwealth raises a third issue that was not preserved in its Pa.R.A.P. 1925(b) statement: whether the trial court erred when it denied its request to reopen the CYS records. The Commonwealth claims that it needed access to the records to determine whether Appellee actually was surprised by any contents of the new report. *Id.* at 26. It suggests that there was a breakdown in communication between the court and the parties during the hearing as to what access either party had to CYS records. *Id.* (citing Pa.R.A.P. 1926). Because the Commonwealth did not raise its petition to open the CYS records as an issue

in its Pa.R.A.P. 1925(b) statement, we deem it waived. **See** Pa.R.A.P. 302.

The Commonwealth suggests that Appellee's Motion *in Limine* triggered its Rule 573 disclosure obligations. Under Rule 573, the Commonwealth has a duty to disclose "requested items or information" within its possession, including "any results or reports of scientific tests, expert opinions, … or other physical or mental examinations of the defendant". Pa.R.Crim.P. 573(B)(1)(e); **see Commonwealth v. Rogers**, 456 A.2d 1352, 1355 (Pa. 1983) (noting that disclosure is required "upon pre-trial demand").

The Commonwealth contends that the proper remedy for a late disclosure under Pa.R.Crim.P. 573 is a continuance. **See** Commonwealth's Br. at 14 (citing in support **Belani**, 101 A.3d at 1163; **Commonwealth v. Montgomery**, 626 A.2d 109, 114 (Pa. 1993) (when Commonwealth discovered DNA during trial, the appropriate remedy was to declare a mistrial, grant a continuance, and give defendant an opportunity to present his case before a different jury), *abrogated by* **Commonwealth v. Burke**, 781 A.2d 1136, 1146 (Pa. 2000) (appropriate remedy for Commonwealth's bad faith failure to disclose exculpatory evidence was a continuance rather than a dismissal of all charges because prosecutorial misconduct was not deliberate)). The Commonwealth's argument is not persuasive.

The Commonwealth's reliance on **Belani** is misplaced. In **Belani**, the trial court erred in excluding a new DNA expert report "based on mere

failure to have testing performed earlier." *See Belani*, 101 A.3d at 1161. However, in that case, the Commonwealth could not procure a DNA sample from the defendant sooner or, further, expedite the test results from the lab. *See id.* This Court held that Rule 573 "does not require that the Commonwealth perform scientific testing in a specified time frame." *See id.* at 1163. Thus, the proper remedy under the circumstances was to grant a continuance, not exclusion. *See id.*

Unlike in *Belani*, the trial court did not exclude Dr. Kupchella's testimony entirely. "[N]othing in [the trial court's] ruling prevents Dr. Kupchella from testifying on rebuttal as to opinions and conclusions beyond those set forth in her December 10, 2014 report, should [Appellee] open the door to invite said testimony." Trial Ct. Rule 1925(a) Op., 11/19/2015, at 5. Unlike in *Montgomery*, the Commonwealth concedes that the addendum did not contain "newly discovered evidence" because it argues that there should have been no surprise to Appellee. Thus, it could have made the addendum available to the defense months earlier, rather than on the eve of trial.[3] Accordingly, the Commonwealth's argument is without merit.

---

[3]Nevertheless, the Commonwealth argues that Appellee had notice of its contents because he "knew of the expert witness's conclusions months ahead of trial." Commonwealth's Br. at 24. In support, the Commonwealth cites *Commonwealth v. Robinson*, 122 A.2d 367 (Pa. Super. 2015) (concluding that Commonwealth was not required to provide a transcript of video testimony that was already submitted to defense on DVD), *reargument denied* (Oct. 9, 2015), *appeal denied sub nom. Commonwealth v. Green*,
*(Footnote Continued Next Page)*

Appellee contends that the late disclosure of the addendum to a report that was more than a year old is a textbook case of "*trial by ambush*." Appellee's Br. at 5 (emphasis added) (citing **Commonwealth v. Shelton**, 640 A.2d 892 (Pa. 1994)). Moreover, Appellee stated on the record that he "was basing [his] preparation on the original report" and did not expect the Commonwealth would add anything so close to trial. N.T., 10/13/2015, at 11.

"As we have noted in the past, the purpose of our discovery rules is to permit parties in criminal matters to be prepared for trial; trial by ambush is contrary to the spirit and letter of those rules and will not be condoned." **Commonwealth v. Appel**, 689 A.2d 891, 907 (Pa. 1997) (citing **Commonwealth v. Shelton**, 640 A.2d 892 (Pa. 1994)). "The purpose of Rule [573] is to prevent trial by ambush which, of course, leads to a denial of due process." **Commonwealth v. Ulen**, 650 A.2d 416, 419 (Pa. 1994) (holding that proper remedy under Rule 573 for failure to disclose existence of tape-recordings prior to trial is award of new trial). "When a party has failed to comply with Rule [573], the trial court has broad discretion in choosing an appropriate remedy." **Commonwealth v. Manchas**, 633 A.2d 618 (Pa. Super. 1993); **see also Burke**, 781 A.2d at 1143.

*(Footnote Continued)* ─────────────

130 A.3d 1287 (Pa. 2015), and *appeal denied*, 130 A.3d 1289 (Pa. 2015)). This argument is without merit, as Appellee points out, it is axiomatic to require a defendant to determine what evidence will be used against him at trial rather than permit him to rely on discovery. **See** Appellee's Br. at 20.

The Commonwealth's suggestion that the addendum did not surprise Appellee is disingenuous. Appellee received the Commonwealth's proposed witness list on October 1, 2015. Appellee filed a motion to limit the proposed expert witness' testimony on October 7, 2015. It is clear from the sequence of events that the prosecutor solicited a new report and gave it to Appellee's counsel the day before the hearing on the motion *in limine*:

> I got ahold of the doctor. She graciously within a very quick turnaround time was able to get the report to me yesterday. As soon as it was in my hands, I gave it to defense counsel. I hand walked over other discovery to make sure he had everything.

N.T., 10/13/2015, at 9-10. Moreover, the Commonwealth did not produce the addendum to the defense until *after* Appellant filed his motion *in Limine* to preclude Dr. Kupchella from testifying beyond the scope of her Pre-Trial Expert Report. **See** Trial Ct. 1925(a) Op., 11/19/2015, at 6. Further, the report was provided shortly before trial was scheduled to begin on October 19, 2015.

Because this sequence of events suggests that a discovery violation occurred, the trial court was empowered to select an appropriate remedy. Under Pa.R.Crim.P. 573(E), the trial court "may prohibit such party from introducing evidence not disclosed… or it may enter such other order as it deems just under the circumstances." "A continuance is appropriate where the undisclosed statement or other evidence is admissible and the defendant's only prejudice is surprise." **Commonwealth v. Smith**, 955 A.2d 391, 395 (Pa. Super. 2008) (reversing trial court's ruling resulted in

ultimate dismissal of the case); *see also Commonwealth v. Yost*, 502 A.2d 216, 219 (Pa. Super. 1985). However, a continuance does not cure all potential prejudice, where the unfair prejudice "will go beyond surprise." *Commonwealth v. Johnson*, 456 A.2d 988, 993 (Pa. Super. 1983) (citations omitted).

Contrary to the Commonwealth's argument, Rule 573 does not shield all late disclosures. The trial court's ruling on a motion *in limine* weighs potentially prejudicial evidence and may preclude it before it reaches the jury, "thus reducing the possibility that prejudicial error could occur at trial which would force the trial court to either declare a mistrial in the middle of the case or grant a new trial at its conclusion." *Commonwealth v. Metzer*, 634 A.2d 228, 232 (Pa. Super. 1993) (internal citations omitted).[4] One basis to preclude testimony is when the adverse party would "be prejudiced as a result of the testimony going beyond the fair scope of the expert's report." *Whitaker v. Frankford Hosp.*, 984 A.2d 512, 523 (Pa. Super. 2009) (quoting *Coffey v. Minwax Co.*, 764 A.2d 616, 620-621 (Pa. Super.

_____

[4] The purpose of requiring disclosure of "'the substance of the facts and opinions to which the expert is expected to testify' is to avoid unfair surprise by enabling the adversary to prepare a response to the testimony." *Whitacre, 984 A.2d at 522 (*quoting *Corrado v. Thomas Jefferson Univ. Hosp.,* 790 A.2d 1022, 1029 (Pa. Super. 2001) (citation omitted)); *see also Shelton*, 640 A.2d at 895 ("It is well established in this Commonwealth that the purpose of the discovery rules is to permit the parties in a criminal matter to be prepared for trial.").

2000) (citation omitted)).[5]  Moreover, "a ruling on a pre-trial motion *in Limine* provides counsel with a basis upon which to structure trial strategy." ***Metzer***, 634 A.2d at 232.

Here, the trial court found that the introduction of the addendum after jury selection and less than one week before the scheduled trial date would prejudice Appellee.  ***See*** Trial Ct. Rule 1925(a) Op., 11/19/2015, at 7; ***cf. Manchas***, 633 A.2d at 626 (holding that an appellant was not entitled to exclusion of testimony without demonstrating prejudice).  We agree.  First, the medical evidence of scarring and the testimony of the victim alone may be sufficient for a conviction under Pennsylvania law.  ***See*** Trial Ct. Rule 1925(a) Op., 11/19/2015, at 5-6.  Second, the conclusions as to causation in the addendum were not "under a reasonable degree of medical certainty which is a prerequisite to the admission of the report."  N.T., 10/13/2015, at

---

[5] It is permissible for the trial judge to apply the "fair scope rule" and limit testimony to a pre-trial report to avoid the potential for prejudice at trial:

> An expert's testimony on direct examination is to be limited to the fair scope of the expert's pre-trial report. In applying the fair scope rule, we focus on the word "fair."  Departure from the expert's report becomes a concern if the trial testimony 'would prevent the adversary from preparing a meaningful response, or which would mislead the adversary as to the nature of the response.'  Therefore, the opposing party must be prejudiced as a result of the testimony going beyond the fair scope of the expert's report before admission of the testimony is considered reversible error.

***Whitaker***, 984 A.2d at 522.

10. Third, "the supplemental report could be construed as cumulative evidence, as the report contains opinions as to the causation of the complainant's injuries, and the complainant, 17-year-old J.K., has at all times been ready, willing, and able to testify to the same."  Trial Ct. Rule 1925(a) Op., 11/19/2015, at 7.

We hold that exclusion of the addendum was proper in this instance because "the prejudice will go beyond surprise" if Dr. Kupchella were permitted to testify outside of the scope of her Pre-Trial Expert Report on the causation of Complainant's injuries.  ***Johnson***, 456 A.2d at 933.  The trial court did not abuse its discretion in limiting Dr. Kupchella's testimony to the fair scope of her report.  ***See Whitaker***, 984 A.2d at 523*.*  The ruling appropriately takes into account the potential prejudice without foreclosing Dr. Kupchella's testimony entirely.  ***Cf. Smith***, 955 A.2d at 395.  Thus, we discern no abuse of discretion.  Accordingly, the trial court's order is affirmed.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016

- 12 -