500 A.2d 1148

**Ancilla GAINER**

v.

**William JONES, Appellant.**

Superior Court of Pennsylvania.

Argued June 19, 1985.

Filed Oct. 11, 1985.

Reargument Denied Dec. 5, 1985.

Allen L. Feingold, Philadelphia, for appellant.

Robert Taylor, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTEMURO, POPOVICH and WATKINS, JJ.

POPOVICH, Judge:

This is an appeal from an order of the trial court which adjudged paternity and awarded appellee, the mother, child support in the amount of twenty-five dollars ($25.00) per week plus ten dollars ($10.00) in arrearages. We affirm.

The facts are as follows:

On May 2, 1983, the instant case was listed, and the trial court ordered blood tests to be conducted.

On February 29, 1984, the case was listed again; however, the trial court concluded that the case was listed in error because no complaint for support had been filed.

A complaint for support was filed eventually on March 14, 1984 on behalf of appellee, Ancilla Gainer, and against the putative father, appellant, William Jones. A hearing was held at which time appellant was adjudged to be the father of the minor child, Stacey, who was born on October 29, 1982. A "PETITION FOR RECONSIDERATION" was filed, and this appeal followed.

Appellant raises the following issues: (1) whether the trial court abused its discretion in admitting into evidence the results of an HLA blood test because (a) no expert testimony was presented to interpret the findings; (b) the appellant was denied the opportunity to cross-examine the expert examiner; (c) no foundation was laid for the admission of the expert report; and (d) the trial court was without jurisdiction to order the blood tests.

Appellant also argues that the trial court's order adjudging paternity and awarding support was in error because it contained serious procedural defects which denied appellant due process of law.

At the outset, we must resolve the question of jurisdiction. According to appellant, the trial court "never had subject matter jurisdiction or the jurisdiction to order the parties to submit to said blood studies." Appellant's Brief at 12. Appellant's contention is based on the fact that no complaint in support had been filed on May 2, 1983, when the trial court ordered the blood tests. This procedural irregularity, however, is not fatal in the instant case.

The jurisdiction of the Courts of Common Pleas of this Commonwealth has been set forth in the following manner:

> Article 5, § 5 of the Pennsylvania Constitution provides that the court of common pleas shall have "unlimited original jurisdiction in all cases except as may otherwise be provided by law." The constitutional provision was implemented by the General Assembly of Pennsylvania when § 931 of the "Judicial Code" was enacted. 42 Pa.C.S.A. § 931. The legislature provided that the courts of common pleas of the Commonwealth "shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings *heretofore cognizable by law or usage* in the courts of common pleas." [emphasis supplied.] The jurisdiction of the common pleas courts established therein is exclusive.

*Martino v. Transport Workers Union, Etc.*, 301 Pa.Super. 161, 174, 447 A.2d 292, 299 (1982).

Additionally, our Court has said:

> The test to be applied in deciding whether subject matter jurisdiction exists was also set forth in *Witney v. Lebanon City*, 369 Pa. [308] at 312, 85 A.2d 106, where Justice Stern said:
>
>> "We there pointed out that the test of jurisdiction was the competency of the court to determine controversies of *the general class* to which the case presented for its consideration belonged,—whether the court had power to *enter upon the inquiry*, not whether it might ultimately decide that it was unable to grant the relief sought in *the particular case....*"

*Id.*, 301 Pa.Superior Ct. at 171, 447 A.2d at 297 (Emphasis in original).

In this case, courts of common pleas have the authority to govern proceedings determining paternity and to order the parties to submit to blood tests as follows:

§ 6133. Authority for test

In any matter subject to this subchapter in which paternity, parentage or identity of a child is a relevant fact, the court upon its own initiative or upon suggestion made by or on behalf of any person whose blood is involved may, or upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child and alleged father to submit to blood tests. If any party refuses to submit to such tests, the court may resolve the question of paternity, parentage or identity of a child against such party or enforce its order if the rights of others and the interests of justice so require. 42 Pa.C.S.A. § 6133; *See also* 42 Pa.C.S.A. § 6132(a) ("Civil matters. This subchapter shall apply to all civil matters.)

We also are mindful of the following provision which states:

Every court shall have power to issue, under its judicial seal, every lawful writ and process necessary or suitable for the exercise of its jurisdiction and for the enforcement of any order which it may make and all legal and equitable powers required for or incidental to the exercise of its jurisdiction, and, except as otherwise prescribed by general rules, every court shall have power to make such rules and orders of court as the interest of justice or the business of the court may require.

42 Pa.C.S.A. § 323.

Thus, courts of common pleas of this jurisdiction have subject matter jurisdiction to consider and decide claims of the general category to which appellee's claim belongs, "unless a specific provision of the law can be demonstrated to have deprived the courts of such jurisdiction." *Martino*

*v. Transport Workers Union, Etc., supra,* 301 Pa.Superior Ct. at 174–76, 447 A.2d at 299.

■ Appellant has failed to cite a statute in support of his contention, and our research has failed to disclose one. The trial court had the authority to decide the general claim of paternity, and the fact that a formal complaint in support was not filed until later fails to show that the court was without jurisdiction to entertain the matter, particularly when the procedural defect was cured.[1]

■ Appellant raises a number of other issues. However, the resolution of those issues depend upon whether appellant has preserved them for appellate review by the timely filing of post-trial motions. Pa.R.C.P. 227(b)(1)(2) and (c). In the instant case, a decision was made by the trial court on September 4, 1984 after a hearing. Appellant's "PETITION FOR RECONSIDERATION" was filed on September 24, 1984. Even if we give credit to appellant's argument that, because the support hearing immediately followed the paternity hearing, he was unable to file post-trial motions at that time, appellant could have filed and did file post-trial motions after September 4, 1984, which was the date of the court's decision.[2] In fact, the record shows that the trial

1. Although the rules provide that the action in support should be commenced by the filing of a complaint, *see* Pa.R.C.P. 1910.4, it appears that the trial court was under the false impression that a complaint had been filed. However, because the paternity issue had to be decided before a support determination could be made, the trial court did not abuse its discretion in allowing the appellee to proceed once the support complaint was filed. *See Biglan v. Biglan,* 330 Pa.Super. 512, 521, 479 A.2d 1021, 1026 (1984) (" 'hypertechnicality and formalism in pleading [are] contrary to the modern practice of allowing free amendment in order to promote resolution of cases on their merits.' ")

2. The pertinent rules of civil procedure provide for the following:
   **Rule 1910.15. Paternity**
   (a) If the action seeks support for a child born out of wedlock and the reputed father is named as defendant, the defendant may acknowledge paternity in a verified writing substantially in the form provided by Rule 1910.28(a). In that event the action shall proceed as in other actions for support.
   (b) If the reputed father does not execute an acknowledgement of paternity, the domestic relations officer shall terminate the confer-

court requested the attorneys for both parties to "take five minutes together in the counsel room outside the courtroom and try to work out something in this case before we proceed" on the support matter. N.T. 9/4/84 at 19. Thus, appellant did have an opportunity to file post-trial motions. *See* Pa.R.C.P. 1910.5 commentary. ("In certain cases, where the parties are in court when paternity is adjudicated and the evidence is ready, a hearing may be immediately held and a final support order entered.") However, because appellant's motion for post-trial relief was filed more than ten (10) days after the decision was made, appellant's claims have not been preserved for review.

Order is affirmed.

ence. He shall advise the parties that there will be a trial without. jury on the issue of paternity unless within ten days after the conference either party demands a trial by jury as provided by Rule 1910.28(b).

*Note:* See Section 6131 of the Judicial Code, 42 Pa.C.S. § 6131 et seq., for the Uniform Act on Blood Tests to Determine Paternity

(c) Post-trial proceedings shall be governed by Rules 227.1 to 227.4 inclusive and shall be limited to the issue of paternity.

(d)(1) If the verdict or decision is for the defendant on the issue of paternity, unless a post-trial motion is filed and sustained, a final order shall be entered, on praecipe or by the court, dismissing the action as to the child; or

(2) If the verdict or decision is against the defendant on the issue of paternity, unless a post-trial motion is filed and sustained, an interlocutory order shall be entered, on praecipe or by the court, finding paternity.

(e) After an interlocutory order is entered finding that the defendant is the father of the child, the court shall either refer the case to a conference as in other actions for support or as expeditiously as possible hold a hearing on the issue of the amount of support and shall enter a final order of support.

(f) The interlocutory order of paternity is not an appealable order but any issue of paternity raised in a post-trial motion may be included in an appeal from a final order of support.