517 A.2d 960

**Linda R. SIPOWICZ, Appellant,**

v.

**Carl P. SIPOWICZ.**

Superior Court of Pennsylvania.

Argued March 13, 1986.

Filed Sept. 22, 1986.

Reargument Denied Nov. 25, 1986.

320

Justin K. McCarthy, Bethlehem, for appellant.

Donald F. Spry, II, Bangor, for appellee.

Before WICKERSHAM, WIEAND and POPOVICH, JJ.

WICKERSHAM, Judge:

Linda R. Sipowicz appeals from the order of the Court of Common Pleas of Monroe County accepting the Master's report, granting a divorce to appellant, dividing the marital property, and directing the payment of alimony and partial payment of counsel fees.

Appellant commenced this divorce action against appellee, Carl P. Sipowicz, on September 8, 1981. The matter was referred to a Master for the purpose of taking testimony and obtaining his recommendations concerning the divorce, and the equitable distribution, alimony, and other related

claims.[1]  Following a series of hearings over the course of the following year, the Master filed his report and recommendations, to which both parties filed exceptions.

On July 24, 1985, the lower court granted the divorce, accepted the Master's recommendations regarding the division of marital property, and directed that appellee pay appellant $220 per week in alimony for three years and $2500 towards appellant's counsel fees.  This order was vacated on August 23, 1985, and a new order entered which essentially restated the earlier order, with the exception that the alimony award of $220 per week was to be paid to appellant for three years or until her death, whichever occurred first.[2]  Judgment was entered on the latter order and this appeal timely followed.

Appellant raises the following ten issues for our consideration:

A.  Whether the order directing the defendant to pay the plaintiff alimony in the amount of $220 per week for a period of three years was adequate in the light of her proven needs and the defendant's ability to pay.

B.  Whether the lower court erred in structuring its order of alimony so as to make it taxable to the plaintiff and deductible by the defendant, thus substantially reducing the amount thereof.

C.  Whether the lower court erred in failing to consider and afford appropriate weight to the testimony of plaintiff's expert witness, as to the value of her services as a homemaker over a period of twenty years in formulating its order regarding equitable distribution of marital property.

D.  Whether the lower court properly considered and applied all of the criteria of Section 401 of the Di-

---

1.  During the course of the instant litigation, various orders were entered by the lower court requiring appellee to pay certain sums for alimony pendente lite, support for the parties' three children, counsel fees and costs, as well as certain utility expenses.

2.  This modification was made in response to a request by appellee in order to make the alimony payments deductible by him and taxable to appellant.

vorce Code in formulating its order of equitable distribution which effectively awarded 32% of the marital estate to the plaintiff and 68% to the defendant.

E.  Whether the lower court erred in assigning as the primary consideration in formulating its order of equitable distribution the defendant's contribution in the acquisition of the marital property under Section 401(d)(7) of the Divorce Code and in failing to apply all relevant factors contained therein.

F.  Whether the value of defendant's medical degree and specialty as a Board certified orthopedic surgeon specifically fixed by the plaintiff's expert constitutes "marital property" available for equitable distribution and in an award of alimony.

G.  Whether the lower court erred in formulating the value of the defendant's professional corporation, pension and profit sharing plans and in rejecting the testimony of plaintiff's witnesses as not credible.

H.  Whether the sum of $15,000.00 transferred by the defendant to his parents and sister in August, 1981, without actual consideration, constituted "marital property" available for equitable distribution.

I.  Whether the lower court erred in failing to value the marital property at a date closest to the actual distribution thereof.

J.  Whether the order of the lower court directing the defendant to pay the sum of $2,500 on account of plaintiff's counsel fees and expenses which are presently in excess of $13,000 was adequate.

Brief for Appellant at 3–4.

■ Before we can address the merits of appellant's issues, however, "we note that it is incumbent upon this Court to determine whether an appeal is properly before it." *Parker v. MacDonald*, 344 Pa.Super. 552, 557, 496 A.2d 1244, 1247 (1985); *Huber v. Huber*, 323 Pa.Super. 530, 470 A.2d 1385 (1984). Although not questioned by any party to

the proceeding, our court may address issues of appealability and jurisdiction *sua sponte*. *Wertz v. Anderson*, 352 Pa.Super. 572, 508 A.2d 1218 (1986).

A review of the record reveals that the Master's report was filed on January 2, 1985. While appellee's exceptions were filed within the ten day limit specified by Pa.R.C.P. No. 1920.55, appellant's exceptions were not filed until January 23, 1985, twenty-one (21) days after the Master's report was filed.

Rule 1920.55 states, in pertinent part:

(a) Within ten days after notice of the filing of the master's report has been mailed, exceptions may be filed by any party to the report or any part thereof, to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, or to any other matters occurring during the hearing. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters.

From our examination of the record, it appears that permission for the late filing was neither requested nor granted by the lower court. While appellant made various statements concerning the late filing of the exceptions during oral argument to this court, the record does not reflect that a request was made to file exceptions later than the specified ten days. It is axiomatic that we, as an appellate court, cannot consider anything which is not part of the record. *Spain v. Vicente*, 315 Pa.Super. 135, 461 A.2d 833 (1983).

Despite the violation of Rule 1920.55(a), the lower court proceeded to address the issues raised by the exceptions on their merits. The question is, can we also ignore the untimeliness of the exceptions? Whether a waiver results when exceptions are untimely under Rule 1920.55(a) appears to be a question previously unanswered by our court. After careful consideration, we have concluded that such a waiver does result; otherwise the procedural time requirement of Rule 1920.55 would be rendered a functional nullity. *Cf. Gainer v. Jones*, 347 Pa.Super. 462, 500 A.2d 1148

(1985) (where motion for post-trial relief pursuant to Pa.R. C.P. No. 227.1 was filed more than ten days after finding of paternity, no claims of error were preserved for review).

■ Therefore, while the trial court saw fit to address appellant's exceptions on their merits, we conclude that appellant's failure to file timely exceptions within ten days of the filing of the Master's report resulted in a waiver of her claims of error in our court. *See Commonwealth v. Gregory,* 309 Pa.Super. 529, 455 A.2d 1210 (1983) (although untimely post-verdict motions were acted upon by the trial court on their merits, the issues raised in such motions were not preserved for appeal but were waived). Since no issues have been preserved for our review, we must affirm the order of the lower court.

Order affirmed.

WIEAND, J., files a concurring and dissenting opinion.

WIEAND, Judge, concurring and dissenting:

I respectfully disagree with the majority's holding that no issues have been preserved for appellate review. Although Pa.R.C.P. 1920.55, as the majority has observed, requires the filing of exceptions within ten days after notice has been mailed of the filing of the Master's report, the rule also provides:

Matters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters.

In the instant case, appellant did file exceptions, but they were filed more than ten days after notice of the filing of the Master's report had been mailed. Although appellant did not request and the trial court did not enter a written order allowing the late filing of exceptions, the fact is that the trial court accepted the exceptions, considered them, and resolved them before entering a decree distributing the parties' marital property. For all practical purposes, therefore, the trial court did allow the late filing of appellant's exceptions, albeit not expressly. The trial court thus had an opportunity to consider the issues raised in appellant's

exceptions, and our ability to conduct a meaningful appellate review has not been impaired in any way. Under these circumstances, I would hold that compliance with the rule has been achieved and that the issues raised in appellant's tardy exceptions have not been waived.

This Court has recently held that the recommendations of the Master are advisory only. *Reed v. Reed,* 354 Pa.Super. 284, 287, 511 A.2d 874, 876 (1986); *McBride v. McBride,* 335 Pa.Super. 296, 298, 484 A.2d 141, 142 (1984). A final decree must be entered by the trial court. *Reed v. Reed, supra.* In this case, the appeal was properly taken from the trial court's final decree, and that decree is now before this Court for review. The issue raised sua sponte by the majority, therefore, is not jurisdictional. As such, it can be waived. In this case it has been waived, for appellee has failed to raise the issue in this Court. Therefore, I would conduct a review of the decree entered by the trial court and would consider the issues raised by the appellant in her exceptions and in the brief which she has filed in this Court.

Those issues, however, have been adequately discussed and correctly resolved in the opinion of the trial court. Because I find no abuse of discretion in the decree of the trial court, I would affirm.