J-A02018-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| THOMAS MACKIE | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIANE MACKIE | : | No. 714 WDA 2017 |

Appeal from the Order April 26, 2017
In the Court of Common Pleas of Washington County Civil Division at
No(s):  No. 2013-6350

| THOMAS MACKIE | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIANE MACKIE | : | |
| | : | |
| Appellant | : | No. 772 WDA 2017 |

Appeal from the Order Entered April 26, 2017
In the Court of Common Pleas of Washington County Civil Division at
No(s):  No. 2013-6350

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                              FILED MAY 01, 2018

These cross appeals filed by Diane Mackie (Wife) and Thomas Mackie (Husband) challenge the trial court's equitable distribution order entered on April 26, 2017.  Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as follows.  Husband filed for divorce on October 13, 2013 and Wife filed a petition for claims on October 30, 2013.  Over the course of the next two

years, the parties engaged in protracted and acrimonious litigation including, inter alia, filing a combined 23 petitions for special relief and eight petitions for contempt, and engaging in three discovery conferences.[1] On October 16, 2015, Husband filed a motion for the appointment of a Master, which the trial court granted. The Master held two equitable distribution hearings on March 31, 2016 and April 28, 2016. On June 24, 2016, the Master filed a 54-page recommendation and report.

Husband filed a single exception to the Master's Report on July 1, 2016, and an accompanying brief on July 15, 2016. Wife filed seven exceptions to the Master's report on July 14, 2016. Wife also filed a motion to quash, alleging Husband's exception consisted of a single sentence, general exception in violation of Pa.R.C.P. 1920.55-2. The trial court granted Wife's motion to quash Husband's exception on August 23, 2016. On November 15, 2016, the trial court held oral argument on Wife's exceptions. At argument, Wife withdrew her sixth and seventh exceptions to the Master's report.

On April 26, 2017, by order and accompanying opinion, the trial court slightly modified the equitable distribution award to Wife. It valued Husband's business interests in a limited liability company, G-Force

_____

[1] On June 5, 2015, because the parties were repeatedly disruptive while presenting motions, the trial court ordered the parties to file future motions directly with the trial court.

Leadership, LLC, as of the date of the parties' separation, granting 60% of the proceeds from the sale of the company to Wife in a cash payment within 180 days.[2]  The trial court adopted the Master's report in all other respects. These cross-appeals resulted.[3]

On appeal, Husband presents the following issues for our review:

1. Whether the lower court abused its discretion in quashing [Husband's] exceptions to the Master's report and recommendation[?]

2. Whether the lower court abused its discretion in failing to account for significant loss in valuation of the parties' marital real estate assets for the purposes of equitable distribution[?]

Husband's Brief at 7 (superfluous capitalization, suggested answers and footnote omitted).

_____

[2]  On appeal, neither party challenges the trial court's valuation of Husband's business interests in G-Force Leadership, LLC.

[3]  Husband filed a notice of appeal on May 11, 2017, prior to the entry of the divorce decree entered on May 19, 2017. "Because the appeal was taken from an order of equitable distribution before a decree in divorce had been entered, the appeal was interlocutory." Isralsky v. Isralsky, 824 A.2d 1178, 1184 (Pa. Super. 2003) (citation omitted).  However, the subsequent filing of the divorce decree perfected Husband's appeal.  Id.  On May 11, 2017, the trial court ordered Husband to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Husband complied timely on May 24, 2017.  Wife filed a notice of appeal on May 24, 2017.  The trial court ordered Wife to file a concise statement under Pa.R.A.P. 1925(b) on May 25, 2017.  Wife complied timely on June 5, 2017.  The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 25, 2017, which largely incorporated the trial court's earlier opinion issued on April 26, 2017.

In Husband's first issue presented, he argues that the trial court abused its discretion by quashing his exceptions to the Master's report "due to lack of precision[.]" Id. at 20. In the alternative, Husband claims that when Wife filed her exceptions on July 14, 2016, Pa.R.C.P. 1920.55-2(c) afforded him 20 days to file exceptions in response and, therefore, his July 15, 2016 brief in support of exceptions should have been deemed timely and considered by the trial court. Id. at 20-22. Furthermore, while acknowledging his "failure to raise this particular issue in his [s]tatement of [e]rrors [c]omplained of on [a]ppeal[,]" Husband also claims that the trial court addressed the quashal in its Rule 1925(a) opinion, and in its prior memoranda and orders, and, therefore, should not have found his issue regarding the valuation of the parties' marital real estate assets waived. Id. at 24-25. Accordingly, Husband contends this Court can conduct a meaningful review of the issue on appeal. Id.

Upon review of the certified record, we conclude that Husband has failed to preserve any issues for our review. The first basis for finding waiver of Husband's claims is his failure to file timely exceptions comporting with the rules of procedure. In filing exceptions to a Master's report, Pa.R.C.P. 1920.55-2(b) provides, in pertinent part:

> (b) Within twenty days of the date of receipt or the date of mailing of the master's report and recommendation, whichever occurs first, any party may file exceptions to the report or any part thereof, to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, or to any other matters occurring during the hearing. Each exception shall set forth a

separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters.

(c)    If exceptions are    filed,    any    other    party    may file exceptions within twenty days of the date of service of the original exceptions.    The    court    shall    hear    argument    on the exceptions and enter a final decree.

Pa.R.C.P. 1920.55-2(b) and (c) (emphasis added).    "[F]ailure to file timely exceptions [] result[s] in a waiver of [appellate] claims of error in our [C]ourt."  Sipowicz v. Sipowicz, 517 A.2d 960, 963 (Pa. Super. 1986).

In this case, within 20 days of the Master's report, Husband filed the following exception:

1. The    Master's    [r]eport    and    [r]ecommendation    contains numerous errors to support [Husband's] filing of [e]xceptions.

2. Detailed information will be provided in the brief, which will be delivered ahead of the scheduled hearing.

Husband's Exceptions, 7/1/2016, (unpaginated) at 1.

The    trial court    concluded that    Husband's exceptions    "failed    in    all respects to comply with [Rule 1920.55-2] requirements."  Trial Court Order, 9/23/2016,    (unpaginated)    at    1.        More    specifically,    the    trial court determined that Husband's exceptions lacked precision.  Id.  We agree. Husband made a general and vague reference to "numerous errors" without setting forth precise and separate objections as Rule 1920.55-2 commands. Moreover, while Husband claims that he reserved the right to raise specific exceptions in his later filed brief, the rule specifies that if Husband wished to

clarify and raise specific exceptions after the expiration of the 20-day period, he was required to seek leave of court. Husband filed his brief in support of exceptions outside of the 20-day window to file exceptions and he did not seek leave of court. Finally, we reject Husband's suggestion that his brief in support of exceptions essentially qualified as a timely statement of exceptions filed 20 days after Wife's exceptions. Husband's brief failed to comply with Rule1920.55-2(b)'s provision that each specific exception be presented "without discussion." Obviously, Husband's brief presented argument on each of his allegations of error. For these reasons, Husband waived his claims for our review.

As a second basis for finding waiver, while Husband currently argues that the trial court improperly quashed his exception, he did not raise this issue in his concise statement under Rule 1925(b). Our Supreme Court has "held that any issues not raised in a court-ordered Rule 1925(b) statement will be deemed waived on appeal." Commonwealth v. Burton, 973 A.2d 428, 438 (Pa. Super. 2009), citing Commonwealth v. Lord, 553 Pa. 415, 719 A.2d 306 (1998).

Finally, while Husband currently claims that the trial court "abused its discretion in failing to account for the significant loss in valuation of the parties' marital assets for the purposes of equitable distribution[,]"[4] he has

_____

[4] See Husband's Brief at 25.

failed to cite any legal authority to support this claim in his appellate brief and this issue is waived for this additional reason. See S.M.C. v. W.P.C., 44 A.3d 1181, 1189 (Pa. Super. 2012), citing Pa.R.A.P. 2119(a). As there are no cognizable issues for our review, we affirm the trial court's equitable distribution order as it pertains to Husband.

Next, we turn to Wife's appeal, wherein she presents the following issues, pro se, for our review:

1. Did the trial court commit an error when it failed to remand the issue of [] Husband's American Airlines retirement account to the Master for further evaluation of the plan by [Husband's] expert [Michael] Pisula [("Pisula")] when [] Wife presented Pisula with evidence that Pisula's opinions were based on incorrect documents and false information, as shown by the un-doctored financial documents (previously produced by [] Husband) which proved additional years of income which were fraudulently redacted from the materials and documents provided to [] Pisula by [] Husband?

2. Did the trial court commit an error when it failed to grant [] Wife any share of [] Husband's American Airline stock when the Master based his decision on incomplete documentation (and to which said incomplete documentation [] Wife not only objected to, but also presented evidence contradicting evidence of [] Husband and showing his expert that some documents relied upon by the expert had been tampered with to falsely indicate [H]usband had not been working or earning certain incomes when he had been earning certain incomes)?

3. Did the trial court commit an error of law when the court failed to grant [] Wife any credit for marital bills paid during the pendency of the parties' divorce (all of which were documented and submitted into evidence at the time of the underlying hearing)?

4. Did the trial court commit an error of law when it failed to grant [] Wife an additional award of attorney fees?

5. Did the trial court commit an error of law when it determined that [Husband] had waived his appeal and his appellate issues?

6. Did the trial court commit an error of law when it did not award or somehow credit [] Husband for "lost value"?

Wife's Brief at 8-9 (superfluous capitalization and suggested answers omitted).

Wife's first three issues challenge the valuation of several assets Wife characterizes as marital; hence, we will examine them together as inter-related claims. First, Wife argues that Husband's expert, Pisula, used false and/or inaccurate information when establishing the value of Husband's American Airlines pension. Id. at 14-25. She claims that Pisula used a document showing a zero pension salary for Husband from 2008 through 2014, despite Wife's claim that she received documentation during discovery that indicated that Husband received a significant salary during those years that he hid from Wife. Id. at 14. Wife argues that Pisula acknowledged that his calculations were based upon information that was available to him and if there were additional information, it should be obtained. Id. at 20-21. In turn, Wife contends that "[t]he Master knew the facts could not be said to support any finding on the value of the pension because the facts were, on the very face of the record, significantly incomplete (and likely wrong)." Id. at 22. She further asserts that she "was not required to re-calculate [] Pisula's incorrect and unfounded valuations." Id. at 23. Instead, she opines that "[t]he Master was obliged to instruct [] Husband to provide his expert

with true and correct information regarding his pension salary for 2008-2013." Id. Relying on the same documentation and testimony of Pisula as previously set forth, Wife argues Husband acquired American Airline stock during the marriage and liquated it six months prior to separation. Wife, therefore, asserts that the Master erred in failing to include these assets in determining equitable distribution. Id. at 25-30. Wife also contends that the Master erred in failing to give her credit for payments she made toward the marital debt. Id. at 34-36. She argues that the Master erred in determining that neither party should receive credit for expenditures on maintenance of marital property because both parties engaged in dilatory and occlusive behavior. Id. at 34-36.

We apply the following standard in reviewing an equitable distribution order:

> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence. We are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties.

Morgante v. Morgante, 119 A.3d 382, 386–387 (Pa. Super. 2015) (internal citations and quotations omitted).

In valuing assets for equitable distribution:

The Divorce Code does not specify a particular method of valuing assets. The trial court must exercise discretion and rely on the estimates, inventories, records of purchase prices, and appraisals submitted by both parties. Smith v. Smith, 653 A.2d 1259, 1265 (Pa. Super. 1995), appeal denied, 663 A.2d 693 (Pa. 1995).

In determining the value of marital property, the court is free to accept all, part or none of the evidence as to the true and correct value of the property. Litmans v. Litmans, 673 A.2d 382, 395 (Pa. Super. 1996), citing Aletto v. Aletto, 537 A.2d 1383 (Pa. Super. 1988). "Where the evidence offered by one party is uncontradicted, the court may adopt this value even though the resulting valuation would have been different if more accurate and complete evidence had been presented." Id., quoting Holland v. Holland, 588 A.2d 58, 60 (Pa. Super. 1991), appeal denied, 596 A.2d 158 (Pa. 1991); accord Smith v. Smith, 653 A.2d 1259, 1267 (Pa. Super. 1995), appeal denied, 663 A.2d 693 (Pa. 1995) (stating if one party disagrees with the other party's valuation, it is [her] burden to provide the court with an alternative valuation). A trial court does not abuse its discretion in adopting the only valuation submitted by the parties. Litmans, supra at 395.

Smith v. Smith, 904 A.2d 15, 21–22 (Pa. Super. 2006).

In this case, Wife did not produce expert testimony regarding valuation. Moreover, the trial court noted that both parties "displayed a

marked inability to present evidence in a manner that assists the fact-finder" and "engaged in bad faith litigation tactics for obfuscating the factual record." Trial Court Opinion, 4/26/2017, at 6. The Master noted that he specifically requested summary financial information from Wife in a particular format, but she blatantly disregarded those instructions. Id. at 9. The trial court further recognized that "[Wife] has claimed without pause throughout the parties' litigation that [Husband] has hidden or misrepresented assets[,]" but that Wife availed herself of multiple rounds of discovery and had an opportunity to present evidence on her behalf, but did not. Id. Instead, Wife cross-examined Husband's expert regarding valuation. With regard to Husband's pension, Husband's expert testified that all of the documentation "reflected a pension after [Husband] had returned to work for American Airlines post-separation, and after the money at issue had been settled into an IRA account." Id. at 20. The trial court stated that "[u]ltimately, [the Master] accepted the only [pension] valuation in evidence that he received" from Husband's expert. Id. at 21. Regarding stock, the trial court concluded that Husband presented evidence that he was awarded stock as part of an arbitration decision in a pilot labor dispute for his pre-marital employment and that he did not receive the stock until after the parties' separation. Id. at 22-23. Finally, the trial court concluded that the Master did not err in denying Wife's claim for credit for alleged payments of marital debt because "both parties contributed to the dissipation of the marital estate, either through neglect of marital assets or

by the transfer of marital money into outside accounts." Id. at 27. Moreover, the Master recognized that Wife was held in contempt for failing to pay the martial residence mortgage and failed to make payments after being found in contempt. Id. Thus, the Master found Wife lacked credibility in advancing her request for a credit on the marital debt. Id. at 28.

Upon review, we agree with the trial court's assessment regarding Husband's pension, American Airline stock, and Wife's request for credit for paying marital debt. Each party has the burden to prove valuation. Husband presented evidence through an expert. Wife did not. Instead, Wife cross-examined Husband's expert. While Husband's expert stated that his evaluation would be different if he used Wife's proffered documentation, the expert was not required to revalue his opinions based on information suggested by Wife and the trial court could not order him to do so as Wife suggests. If Wife contested the valuations, it was her burden to provide evidence to support her assertions, but she did not. Thus, as it stands, Husband's evidence was largely uncontradicted. Wife presented no evidence to dispute the findings that Husband's award of American Airline stock arose from pre-marital employment and was not received until after the parties separated. Moreover, the Master did not find Wife's testimony regarding her claim for credit against the martial debt credible and we may not usurp that determination. Based upon our standard of review and the evidence presented, we discern no abuse of discretion or error of law in denying Wife's exceptions to the Master's recommendations regarding Husband's

pension and American Airline stock and Wife's request for marital debt credit. Hence, there is no merit to Wife's first three appellate issues.

In her fourth issue presented, Wife claims that the Master erred in calculating her award for attorney's fees. She claims that the trial court ordered Husband to advance her $16,000.00, on July 19, 2014, "to pay attorney fees, then owing and due" and "also so she could secure new counsel." Wife's Brief at 31. Thereafter, initial counsel for Wife withdrew. Subsequently, Wife averred that she incurred an additional $18,595.40 in attorney's fees with new counsel and the Master agreed. However, Wife contends that "the Master wrongly re-credited [] Husband with $16,000[.00] for the monies used years before to pay fees of another attorney" and, thus, granted her "only $2,595.40." Id. at 32-33. She contends that she "needs the full $18,595.40 now to pay her [current] legal fees[,]" arguing that leaving her with an award of $2,595.40 "is both wrong and inherently unfair." Id. at 33.

Our standard of review is clear:

We will reverse a determination of counsel fees and costs only for an abuse of discretion. The purpose of an award of counsel fees is to promote fair administration of justice by enabling the dependent spouse to maintain or defend the divorce action without being placed at a financial disadvantage; the parties must be "on par" with one another.

\* \* \*

Counsel fees are awarded based on the facts of each case after a review of all the relevant factors. These factors include the payor's ability to pay, the requesting party's financial resources,

the value of the services rendered, and the property received in equitable distribution.

Counsel fees are awarded only upon a showing of need. Further, in determining whether the court has abused its discretion, we do not usurp the court's duty as fact finder.

Teodorski v. Teodorski, 857 A.2d 194, 201 (Pa. Super. 2004) (internal citations and quotations omitted).

In this case, Wife retained an attorney who represented her in the parties' custody and child support dispute, in filing an unfounded PFA against Husband, and the commencement of the divorce litigation.[5] In two separate petitions, Wife's initial attorney requested adjusted attorney's fees totaling nearly $100,000.00. The trial court denied the requested fees as excessive, noting that "[t]he itemized billing presented to the [c]ourt was not specifically limited to matters pertaining only to the divorce action" and "did not consistently [allocate the fees between] divorce, custody, support, or [PFA.]" Trial Court Memorandum and Order, 7/18/2014, (unpaginated) at 1-2. The trial court stated that Wife's documentation of counsel fees lacked specificity as required. The trial court also determined that Wife's former attorney charged twice the hourly fee than the prevailing market rates in Washington County. Id. at 4-5. As such, the trial court denied the requested award for attorney's fees, but opined:

_____

[5] The trial court subsequently granted prior counsel's request to withdraw, averring Wife failed to pay her outstanding legal fees and it was a hardship for her firm to continue representation without compensation. See Order, 8/21/2014, at 1.

However, in light of the disparity in incomes between the parties, the [c]ourt does find that a necessity exists which justifies the award of a more modest amount of counsel fees. Further, because the [c]ourt is in the position of making adjustments at the time of final disposition for any interim fees it may award, and the [c]ourt should protect the less affluent spouse and place him or her in a position to secure competent representation, an order of interim fees credited against a future award of equitable distribution is appropriate in this matter. [Wife] may have difficulty in securing necessary representation if this [c]ourt does not grant her some amount of interim counsel fees.

\*          \*          \*

[Accordingly,] the [c]ourt hereby orders and decrees that an award of interim counsel fees and expenses of $16,000.00 is reasonable and necessary. Such award shall be considered as an advance on equitable distribution.

Id. at 5-6 (emphasis added).

Here, both the Master and the trial court determined that attorney's fees, totaling $18,595.40, accrued after Wife's former counsel withdrew. Moreover, both the Master and the trial court agreed that such fees were reasonable and due based upon Wife's need and Husband's ability to pay. The Master "then credited to [Husband] $16,000.00, the amount the court awarded [Wife] on July 18, 2014, as an advance on counsel fees, costs, and expenses [and] awarded [Wife] $2,595.40 in net attorney's fees, costs, and expenses." Trial Court Opinion, 4/26/2017, at 24-25. The Master did not review or revisit former counsel's bill for services, looking only prospectively from the July 18, 2014 order awarding Wife an advance of $16,000.00. Id. at 25. Upon review, we discern no abuse of discretion. While Wife characterizes the $16,000.00 award as a payment of fees for prior counsel,

- 15 -

the record belies her assertion. In July 2014, the trial court specifically stated it denied Wife's request for fees from former counsel. The $16,000.00 award was earmarked as an interim advance to secure new counsel, but would be credited against future awards of equitable distribution. The Master and trial court computed Wife's $2,595.40 award for attorney's fees precisely in line with the prior order. Hence, we discern no error or abuse of discretion. As such, Wife's contention regarding her attorney's fees lacks merit.

Because we have already determined that dismissal of Husband's appeal is warranted, Wife's fifth and sixth appellate issues pertaining to Husband's appeal are moot.

Finally, we address Wife's motion to quash Husband's appeal filed with this Court on September 26, 2017. Wife seeks to quash Husband's appeal citing waiver. Our Supreme Court has directed that:

> An appeal is "quashed" when the court lacks jurisdiction over the appeal in the first instance. When the appellant has failed to preserve issues for appeal, the issues are waived, and the lower court's order is more properly "affirmed."

In re K.L.S., 934 A.2d 1244, 1246 (Pa. 2007). Having already found that Husband waived all issues, we deny Wife's motion to quash as moot.

Order affirmed. Wife's motion to quash denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   5/1/2018