J-A25006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RANDY ALLEN BRADY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LISA MARIE BRADY | |
| Appellee | No. 500 MDA 2019 |

Appeal from the Order Entered March 4, 2019
In the Court of Common Pleas of York County
Civil Division at No: 2016-FC-2068-15

BEFORE:  STABILE, J., MCLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:               **FILED DECEMBER 24, 2019**

Appellant, Randy Allen Brady ("Husband"), appeals from the March 4, 2019 order entered by the Court of Common Pleas of York County.  For the reasons stated below, we affirm.

The factual and procedural background was set forth by the trial court as follows.

> Husband married Lisa Marie Brady ("Wife") on August 15, 1981, and separated on August 30, 2016.  A Divorce Decree was entered on September 28, 2018.  The economic resolution in this matter was reached in a Report and Recommendation of the Divorce Master ("Report") on August 20, 2018.  At that time, no exceptions were filed to the Report, nor was an appeal pursued. On September 26, 2018, the [trial court] entered an Order and Decree which adopted the Report as a final order of the [trial court] ("Final Order").
>
> The Report dealt with many of the issues related to the separation of the parties.  Relevant to the current appeal, however, is the issue related to a loan given by Husband's parents in 2008, which was alleged to be for approximately $98,000.  Husband was

seeking a credit for the loan or that the balance be considered in the overall distribution as a deduction of the estate. Wife had argued to the Divorce Master that Husband should not be given a credit for his payments towards the loan as he hadn't [paid] anything outside of interest payments and "there is no reason to believe that this debt will be collectable." The Divorce Master specifically considered the loan as solely Husband's in determining the percentage distribution of assets. On page 12 of the Report, the Divorce Master wrote:

> "The Master notes that Husband will likely continue to make interest payments on the debt from his father. Whether or not this debt ever gets repaid is unknown, but if anyone is going to be 'on the hook' for this debt, it will be Husband. Husband will likely be in a better position financially in the future, but Wife has already received a significant amount of liquid assets which she can use to bolster her economic situation. This factor slightly favors Husband."

The Divorce Master then proceeded to recommend a 52/48 division of marital assets in favor of Wife. An even more favorable division for Wife would have been made had the Divorce Master not considered that Husband was solely responsible for this loan to his parents.

Initially, this matter came before the [trial court] as a Petition for Special Relief filed on February 19, 2019. In Wife's petition, she alleged that Husband and Husband's parents were colluding to undermine the specific terms of the Final Order, as Husband's parents filed a separate lawsuit against Wife for debt collection on the $98,000 loan. Husband and Husband's parents are all represented by the same counsel. As a result of the petition, Wife was looking for an order that made Husband solely liable for the loan to his parents, indemnified Wife from any claim related to that amount, and held Husband responsible for attorney fees to this action.

The matter proceeded to be heard in Motions Court on February 27, 2019. At that time, the [trial court] ruled that the Divorce Master had already assigned the debt in the Report on page 12 when the Divorce Master stated that "Husband is on the hook for the debt." So the [trial court] ordered that Husband was responsible for "all of Wife's attorney's fees now or in the future

that she may incur to defend against any actions by his parents with regard to this debt, and he shall hold her harmless for any judgment or settlement that may be issued to his parents related to this debt."[1]

Trial Court Opinion, 5/28/19, at 1-3 (citations to the Report omitted).

On March 4, 2019, Husband, after the motions court proceeding, filed an Answer to the petition for special relief and raised new matter.[2] On March 6, 2019, Husband filed a motion for reconsideration of the February 27, 2019 order, which the trial court denied on March 13, 2019, after a hearing. This appeal followed.

On appeal, Appellant raises four issues, all related to the loan from Husband's parents and addressed by the Divorce Master and the trial court.[3] As explained below, they are waived.

_____

[1] The order concluding the February 27, 2019 hearing (granting Wife's petition for special relief) was docketed on March 4, 2019.

[2] In new matter, Husband stated that his parents were not parties to the divorce action.

[3] The issues are:

I.    Did the trial court abuse its discretion and/or err when it did not allow any testimony or presentation of evidence on Appellee's petition for special relief?

II.   Did the trial court abuse its discretion and/or err when it assigned attorney's fees to Appellant without the legal authority to do so?

III.  Did the trial court abuse its discretion and/or err in assigning unsecured debt to Appellant when the Divorce Master refused to assign the debt to either party and stated that it was unsecured debt?

Appellant did not file exceptions to the Report. "[F]ailure to file timely exceptions [ ] result[s] in a waiver of [appellate] claims of error in our [C]ourt." ***Sipowicz v. Sipowicz***, 517 A.2d 960, 963 (Pa. Super. 1986); ***see also*** Pa.R.C.P. 1920.55-2(b). Moreover, Appellant did not appeal the Final Order entered September 26, 2018.[4] Finally, Appellant did not raise any issues, let alone any of those currently on appeal, at the February 27, 2019 hearing. As noted above, the hearing was held to address Wife's petition for special relief. While the hearing was brief, there is no indication that Appellant asked the trial court to address any issue or for the opportunity to answer the petition. Appellant did nothing. In sum, the issues are raised for the first time on appeal. As such, they are waived. ***See*** Pa.R.A.P. 302(a).

_____

      IV.   Did the trial court abuse its discretion and/or err when it ruled on the Appellee's petition for special relief deciding res judicata applies when [Husband's parents] were not parties to the divorce action?

Appellant's Brief at 4 (unnecessary capitalization omitted).

[4] It is undisputed that the September 26, 2018 order is final, as defined in Pa.R.A.P. 341, ***see*** Appellant's Brief at 1. Similarly, it is well-stablished that, in order to preserve the right to appeal a final order of the trial court, a notice of appeal must be filed within 30 days after the entry of that order, ***see*** Pa.R.A.P. 903(a). Appellant failed to do so.

Even if we were to conclude that the issues are not waived, we would have found the issues without merit for the reasons provided by the trial court in its May 28, 2019 opinion.[5]

Appellant first argues that the trial court erred for not allowing the introduction of evidence on Wife's special petition. The trial court noted, and we agree, that Appellant did not raise any new matter at the February 27, 2019 hearing necessitating the introduction of additional evidence, and that the only matter contested pertained to the loan, which it had been disposed of in a final order. We add that Appellant's allegation that the trial court did not allow any testimony from either party and did not allow the presentation of any evidence is unsupported in the record. Indeed the record does not show any request from Husband, let alone one that was denied by the trial

---

[5] A trial court has broad discretion when fashioning an award of equitable distribution. **See Dalrymple v. Kilishek**, 920 A.2d 1275, 1280 (Pa. Super. 2007). Specifically,

> Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an "abuse of discretion" unless the law has been "overridden or misapplied or the judgment exercised" was "manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record."

**Balicki v. Balicki**, (internal quotation marks and citations omitted).

- 5 -

court. Notably, Appellant provided no citation to the record supporting his unsubstantiated allegations. *See* Husband's Brief at 10.

Next, Appellant alleges that awarding Wife attorney's fees in connection with the suit brought by Husband's parents was an error because there was no factual finding or legal support. The trial court explained that the award was appropriate because the loan was assigned to Husband, Husband was also responsible for attorney fees Wife incurred while defending from suit from Husband's parents. We agree with the trial court's analysis and conclusions. *See* Trial Court Opinion, 5/28/19, at 6.

Next, Appellant claims the trial court erred in assigning an unsecured debt to Appellant when the Divorce Master refused to do so. As noted by the trial court, the allegation is devoid of any merit. In fact, the Divorce Master clearly assigned the debt to Appellant. *Id.* (quoting page 12 of the Report). The claim is therefore without merit.

Finally, Appellant claims that the trial court erred in finding that the doctrine of *res judicata* applied to Husband's parents' suit. The trial court noted that it would allow Husband's parents to proceed against Husband for the loan. It merely barred any action against Wife with regards to the loan because it was not assigned to her. *Id.* We discern no error or abuse of discretion in the trial court's analysis and conclusions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/24/2019</u>

OFFICE OF PROTHONOTARY

2019 MAY 28 PM 3:51

JUDICIAL CENTER
YORK, PA

## IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

| | | |
|---|---|---|
| **RANDY ALLEN BRADY,** | : | Case No. 2016-FC-002068-15 |
| *Plaintiff* | : | 2016-FC-002068-02 |
| | : | |
| v. | : | |
| | : | |
| **LISA MARIE BRADY,** | : | CIVIL ACTION – LAW |
| *Defendant* | : | |

APPEARANCES:

      For Plaintiff:      John J. Mooney, III, Esquire
      For Defendant:    Thomas D. O'Shea, Esquire

## OPINION IN SUPPORT OF ORDER PURSUANT TO THE AMENDED Pa.R.A.P. No.

## 1925(a) STATEMENT OF ERRORS

Appellant, Randy Allen Brady ("Husband"), appeals to the Superior Court of

Pennsylvania the Order filed by this Court on March 4, 2019. Wife filed a Statement of

Matters Complained of on April 22, 2019, in which Husband raised four (4) issues. The

reasons for this Court's Order are set forth at length in an Opinion filed on March 4, 2019.

Pursuant to Pa.R.A.P. No. 1925(a)(2)(ii), the Court issues the following additional Opinion to

address the specific issues raised.

## PROCEDURAL HISTORY

Husband married Lisa Marie Brady ("Wife") on August 15, 1981 and separated on

August 30, 2016. A Divorce Decree was entered on September 28, 2018. The economic

resolution in this matter was reached in a Report and Recommendation of the Divorce Master

("Report") on August 20, 2018. At that time, no exceptions were filed to the Report, nor was

any appeal pursued. On September 26, 2018, the Court entered an Order and Decree which

adopted the Report as a final order of the Court ("Final Order").

The Report dealt with many of the issues related to the separation of the parties. Relevant to the current appeal, however, is the issue related to a loan given by Husband's parents in 2008, which was alleged to be for approximately $98,000. Husband was seeking a credit for the loan or that the balance be considered in the overall distribution as a deduction of the estate. Wife had argued to the Divorce Master that Husband should not be given a credit for his payments towards the loan as he hadn't made anything outside of interest payments and "there is no reason to believe that this debt will be collectable." (Report, page 9.) The Divorce Master specifically considered the loan as solely Husband's in determining the percentage distribution of assets. Id. On page 12 of the Report, the Divorce Master wrote:

> "The Master notes that Husband will likely continue to make interest payments on the debt from his father. Whether or not this debt ever gets repaid is unknown, but if anyone is going to be "on the hook" for this debt, it will be Husband. Husband will likely be in a better position financially in the future, but Wife has already received a significant amount of liquid assets which she can use to bolster her economic situation. This factor slightly favors Husband."

The Divorce Master then proceeded to recommend a 52/48 division of marital assets in favor of Wife. An even more favorable division for Wife would have been made had the Divorce Master not considered that Husband was solely responsible for this loan to his parents.

Initially, this matter came before the Court as a Petition for Special Relief filed on February 19, 2019. In Wife's petition, she alleged that Husband and Husband's parents were colluding to undermine the specific terms of the Final Order, as Husband's parents filed a separate lawsuit against Wife for debt collection on the $98,000 loan. Husband and Husband's parents are all represented by the same counsel. As a result of the petition, Wife

2

was looking for an order that made Husband solely liable for the loan to his parents, indemnified Wife from any claim related to that amount, and held Husband responsible for attorney fees related to this action.

The matter proceeded to be heard in Motions Court on February 27, 2019. At that time, the Court ruled that the Divorce Master had already assigned the debt in the Report on page 12 when the Divorce Master stated that "Husband is on the hook for the debt." So the Court ordered that Husband was responsible for "all of Wife's attorney's fees now or in the future that she may incur to defend against any actions by his parents with regard to this debt, and he shall hold her harmless for any judgment or settlement that may be issued to his parents related to this debt."

On March 4, 2019, Husband, after the Motions Court proceeding, filed an Answer to the Petition for Special Relief and raised New Matter. In his Answer, Husband indicated that the Report doesn't have any effect on Husband's parents' action against Wife, as Wife also received the loan for Husband's parents. Husband further denied that the percentage of division in the Equitable Distribution action would have been favorable to Wife if not for the debt. Husband stated that the Report never assigned the debt nor did it make any decision regarding creditors for the debt. He further denied any collusion with his parents to undermine the Court's order, despite the fact that Husband and his parents are all represented by the same attorney. Husband indicated that he found Wife's remedy to be inappropriate. In the New Matter, Husband stated that his parents were not parties to the divorce action, and that they have the same status as any creditor to the parties. Husband argued that the Report

3

never assigned the debt. Husband then sought reimbursement for the counsel fees he incurred defending this petition.

On March 6, 2019, Husband proceeded to file a Motion for Reconsideration of the February 27, 2019 order. It his Motion, Husband echoed the above issues from his Answer and New Matter. Husband then argued that this Court erred in their order from Motions Court since relief was granted without a hearing being held, transcript reviewed, or formal answer considered. Husband requested a hearing for more testimony to be heard, the previous transcript to be considered, and the Divorce Master to be subpoenaed.

The parties were brought back to Motions Court for the Motion for Reconsideration to be heard. At that time, the Court issued an order stating, **as between Husband and Wife**, the matter was res judicata, as no exceptions were ever filed by Husband to the Report, nor was any appeal taken then. Therefore, all issues had already been heard by the Court and had not been preserved.

In summary, Husband failed to timely act after the completion of the Divorce Master's Report. Had he filed exceptions or appealed in a timely fashion after the completion of the Report, Husband would not be in the predicament he is today. However, Husband did not act then, and is now looking to take a second bite at the apple. Husband cannot have his counsel represent his parents and attempt to seek the money from Wife for which Husband was already ordered to be responsible. Husband was made responsible for the loan on the record within the Report. His parent's interest is intact as they may seek relief from Husband.

Any further description of the procedural history is described above.

## SCOPE AND STANDARD OF REVIEW

A trial court has broad discretion when fashioning an award of equitable distribution. Dalrymple v. Kilishek, 920 A.2d 1275, 1280 (Pa.Super.2007). The standard of review for the equitable distribution of marital property is "whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure." Smith v. Smith, 904 A.2d 15, 19 (Pa.Super.2006). To find an abuse of discretion there must be clear and convincing evidence. Id. An "abuse of discretion" is not found unless the law has been "overridden or misapplied or the judgment exercised" was "manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record." Wang v. Feng, 888 A.2d 882, 887 (Pa.Super.2005). Furthermore, it is within the discretion of the trial court to weigh the evidence and decide credibility so long as it is supported by the evidence. Sternlicht v. Sternlicht, 822 A.2d 732, 742 (Pa.Super.2003).

## DISCUSSION

The reasons for this Court's Order already appear of record in the previously filed orders. The Court's decision is consistent with the weight of the evidence provided and now it supplements that decision with the following to address each additional issue raised.

1. The first issue raised by Husband is whether this Court erred or abused its discretion when it "it did not allow any testimony or presentation of evidence on Appellee's Petition for Special Relief." However, as is clear by the record and the Report, that no new matter had been raised and that the issues before the Court had already been previously dealt with at the Divorce Master's proceeding. Therefore, this issue should be dismissed.

5

2. The second issue raised is whether this Court erred or committed an abuse of discretion when it "assigned attorney's fees to Appellant without the legal authority to do so." It was requested and then ordered by the Court that, because the loan had already been assigned to Husband by the Divorce Master, Husband would need to indemnify Wife. Any indemnification in this matter would include attorney fees that Wife would incur. Currently both Husband and his parents are represented by the same attorney, so clearly that is cause for an additional issue if his parents shall proceed with an action against him. As such, this issue should be dismissed against Wife.

3. The third issue raised is whether this Court erred or abused its discretion by "assigning unsecured debt to Appellant when the Divorce Master refused to assign the debt to either party and stated that it was unsecured debt." Again, the Divorce Master clearly assigned the debt on page 12 of the Report.

> "The Master notes that Husband will likely continue to make interest payments on the debt from his father. Whether or not this debt ever gets repaid is unknown, but **if anyone is going to be "on the hook" for this debt, it will be Husband**. Husband will likely be in a better position financially in the future, but Wife has already received a significant amount of liquid assets which she can use to bolster her economic situation. This factor slightly favors Husband." (emphasis added.)

It is in the record. The Divorce Master did not assign a dollar for dollar credit, but rather considered it in the percentage for distribution. Whether or not that was the correct course of action is now res judicata, as there were not any exceptions filed to the Report, nor was there an appeal. Therefore, this issue should be dismissed.

4. The fourth issue raised is whether this Court erred or abused its discretion when it "ruled on the Appellee's Petition for Special Relief deciding res judicata applies when

6

Camille C. Brady and Donald R. Brady were not parties to the divorce action." As previously stated, the loan has already been assigned to Husband. The Court will absolutely allow Husband's parents to proceed against Husband for the debt. However, no action shall be proceeded against Wife with regards to the loan, because it was not assigned to her. As such, this issue should be dismissed.

BY THE COURT:

_____
KATHLEEN J. PRENDERGAST, JUDGE

Dated: May 28, 2019

**The Prothonotary is directed to serve copies of this order on Counsel for the parties and the Agency, as required by law.**